[Civ. No. 2208.  Third Appellate District.—August 5, 1920.]

# W. R. ELLIS, Petitioner, v. JOHN S. CHAMBERS, as Controller, etc., et al., Respondents.

[1] STATE HIGHWAYS—MONEYS RECEIVED FROM GENERAL GOVERNMENT —CREDIT TO PROPER FUND — MANDAMUS. — In this proceeding in *mandamus* to compel the state controller and the state treasurer to credit certain moneys received form the general government to the proper state highway fund, it appearing to the court that those officials had at all times been willing, and were ready and willing, to credit any payments received from the general government on account of any co-operative projects to any fund or funds as may be lawfully designated by the state engineering department, the writ was denied.

PROCEEDING in Mandamus to compel the state controller and the state treasurer to credit certain moneys received from the general government to the proper state highway fund.  Writ denied.

The Congress of the United States appropriated certain moneys for the purpose of aiding the states to construct public highways.  In this proceeding the petitioner asks for a writ of mandate, directed against the state controller and the state treasurer, requiring those officials to adopt the necessary course to cash certain checks which were received from the general government and were being held by the treasurer and to deposit the amounts thereof in the treasury of the state, "and to credit the same to the proper state highway fund in said treasury."

Further facts will be found in the opinion of the supreme court in *Ellis* v. *Stephens*, 185 Cal. 720, [198 Pac. 403], and in the opinion of the court herein.

Dunn & Brand for Petitioner.

U. S. Webb, Attorney-General, and Robt. T. McKisick, Deputy Attorney-General, for Respondents.

THE COURT.—It appears to the court in this proceeding that the respondents have at all times been willing, and are now ready and willing, to credit any payments received

from the general government on account of any co-operative projects to any fund or funds as may be lawfully designated by the state engineering department.

It follows that no writ of mandate should issue herein, and it is so ordered.